UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EAST BAY MUNICIPAL UTILITY
DISTRICT,

             Plaintiff,

      v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

             Defendant.
_____/

No. C 09-0614 PJH

**ORDER DENYING MOTION
TO REMAND**

      Before the court is plaintiff East Bay Municipal Utility District's ("EBMUD")
motion to remand, which defendant National Union Fire Insurance Company of Pittsburgh,
PA ("National Union") opposes.  Because the court finds this matter suitable for decision
without oral argument, the hearing date of April 15, 2009 is VACATED pursuant to Civil
Local Rule 7-1(b).  Having carefully read the parties' papers and considered the relevant
legal authority, the court hereby DENIES EBMUD's motion to remand, for the reasons
stated below.

**BACKGROUND**

      The following facts are undisputed.  On October 31, 2008, EBMUD commenced the
instant action in the Superior Court of California, County of Contra Costa, alleging causes
of action for breach of contract and for breach of the covenant of good faith and fair
dealing.  EBMUD's complaint named "National Union Fire Insurance Company" as the
defendant, a nonexistent corporate entity.  On December 30, 2008, EBMUD's process
server personally served a copy of the summons and complaint on Becky DeGeorge of
Corporation Service Company ("CSC")-National Union's authorized agent for receiving
service of process on its behalf in California-at 2730 Gateway Oaks Drive, Suite 100,

1   Sacramento, CA 95833.  On that same day, CSC notified EBMUD's counsel that service of

2   process was being returned because "the name of the company for whom service is

3   directed MUST BE IDENTICAL to the company name on file with the Secretary of State, or

4   other appropriate state agency."  EBMUD filed a proof of service in state court on January

5   9, 2009.  The proof of service states that the party served was "National Union Fire

6   Insurance Company."

7        On January 14, 2009, EBMUD filed an amended complaint, naming "National Union

8   Fire Insurance Company of Pittsburgh, PA" as the defendant.  EBMUD's complaint was

9   otherwise unchanged.  On January 15, 2009, EBMUD's process server personally served a

10  copy of the amended summons and complaint on Becky DeGeorge of CSC.  EBMUD filed

11  a proof of service in state court on February 4, 2009.  The proof of service states that the

12  party served was "National Union Fire Insurance Company of Pittsburgh, PA."

13       On February 11, 2009, National Union filed a Notice of Removal on the basis of

14  diversity jurisdiction.  In its filing, National Union stated that formal service of process was

15  completed as of January 15, 2009, and thus its request was timely insofar as fewer than 30

16  days had elapsed prior to the filing of the removal notice.  On March 11, 2009, EBMUD filed

17  the instant motion to remand.

18                               **DISCUSSION**

19       EBMUD argues that remand is appropriate because National Union's removal notice

20  was untimely filed insofar as it was filed more than 30 days after service of the original

21  summons and complaint on December 30, 2008.  National Union counters by arguing that

22  its removal notice was timely filed on February 11, 2009, because service of the original

23  summons and complaint was not properly effected insofar as EBMUD failed to name

24  "National Union Fire Insurance Company of Pittsburgh, PA" as the defendant.  National

25  Union maintains that EBMUD properly effected service of the amended summons and

26  complaint on January 15, 2009, thereby triggering the 30-day period to remove this case

27  from state court to federal court.

28

1    Because National Union filed its removal notice within 30 days after service of the

2    amended summons and complaint,[1] the sole issue presented is whether EBMUD properly

3    effected service of the original summons and complaint on National Union on December

4    30, 2008.

5    A.    Standard

6    "[A]ny civil action brought in a State court of which the district courts of the United

7    States have original jurisdiction, may be removed by the defendant or the defendants, to

8    the district court of the United States for the district and division embracing the place where

9    such action is pending."  28 U.S.C. § 1441(a).  A district court has original federal

10   jurisdiction over an action founded on a claim or right arising under the Constitution,

11   treaties or laws of the United States (federal question jurisdiction), 28 U.S.C. § 1331, or an

12   action between citizens of two different states and with a matter in controversy exceeding

13   $75,000 (diversity jurisdiction), 28 U.S.C. § 1332.  The burden of establishing federal

14   jurisdiction rests on the removing party, and the removal statute is strictly construed against

15   removal jurisdiction.  Duncan v. Stuezle, 76 F.3d 1480, 1485 (9th Cir. 1996); Emrich v.

16   Touche-Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

17   For a notice of removal to be timely, it "shall be filed within thirty days after the

18   receipt by the defendant, through service or otherwise, of a copy of the initial pleading

19   setting forth the claim for relief upon which such action or proceeding is based . . ."  28

20   U.S.C. § 1446(b).  "[A] named defendant's time to remove is triggered by simultaneous

21   service of the summons and complaint, or receipt of the complaint, 'through service or

22   otherwise,' after and apart from service of the summons, but not by mere receipt of the

23   complaint unattended by any formal service."  Murphy Bros. v. Michetti Pipe Stringing, 526

24   U.S. 344, 347-48 (1999).  In reaching this conclusion, the Supreme Court read Congress'

25   provisions for removal in light of the following bedrock principal:  "An individual or entity

26   named as a defendant is not obliged to engage in litigation unless notified of the action, and

27   brought under a court's authority, by formal process."  Id. at 347.  "In the absence of service

28

[1] National Union filed its removal notice 27 days after service of the amended summons
and complaint on January 15, 2009.

3

1    of process . . . a court ordinarily may not exercise power over a party the complaint names

2    as a defendant." Id. at 350.  "[O]ne becomes a party officially, and is required to take action

3    in that capacity, only upon service of a summons or other authority-asserting measure

4    stating the time within which the party served must appear and defend." Id.  "Unless a

5    named defendant agrees to waive service, the summons continues to function as the *sine*

6    *qua non* directing an individual or entity to participate in a civil action or forgo procedural or

7    substantive rights." Id. at 351.

8         The sufficiency of process in federal courts is determined by Rule 4 of the Federal

9    Rules of Civil Procedure.  Rule 4(h) provides two ways of effecting service on a

10   corporation.  First, service may be accomplished in accordance with Rule 4(e)(1), which

11   allows service according to the procedures of the state in which the federal court sits.

12   Second, service may be accomplished "by delivering a copy of the summons and of the

13   complaint to an officer, a managing or general agent, or any other agent authorized by

14   appointment or by law to receive service of process . . ." Fed.R.Civ.P. 4(h)(1).  Once

15   service is challenged, the plaintiff bears the burden of establishing that service was valid

16   under Rule 4.  See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

17        Service on a corporation under California law is effectuated by delivery of summons

18   and complaint to some authorized person on behalf of the corporation.  Dill v. Berquist

19   Const. Co., Inc., 24 Cal.App.4th 1426, 1437 (1994).[2]  A corporation may be served "by

20   delivering a copy of the summons and complaint . . . [t]o the person designated as agent for

21   service of process . . ." Cal.Code Civ. Proc. § 416.10(a).  " 'It is well settled that strict

22   compliance with statutes governing service of process is not required.  Rather, in deciding

23   whether service was valid, the statutory provisions regarding service of process should be

24   liberally construed to effectuate service and uphold the jurisdiction of the court if actual

25   notice has been received by the defendant.' " Summers v. McClanahan, 140 Cal.App.4th

26   403, 410-11 (2006); see also Dill, 24 Cal.App.4th at 1436-37, 1439 n. 12 (Defining

27

28   _____

     [2] In California, "[a] civil action is commenced by filing a complaint with the court."
     Cal.Code Civ. Proc. § 411.10.  "[T]he court in which an action is pending has jurisdiction over
     a party from the time summons is served on him as provided by Chapter 4 (commencing with
     Section 413.10)."  Cal.Code. Civ. Proc. § 410.50.

                                              4

1   "substantial compliance" as " 'actual compliance in respect to the substance essential to

2   every reasonable objective of the statute.' ").  Once service is challenged, the plaintiff bears

3   the burden of establishing that service was valid under § 416.10.  See Dill, 24 Cal.App.4th

4   at 1439-40.

5         Because service on National Union was attempted on December 30, 2008, before

6   removal from state court, the sufficiency of service of process is determined under state

7   law.  Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on a different*

8   *ground,* California Dept. of Water Resources v. Powerex Corp., 533 F.3d 1087, 1091 (9th

9   Cir. 2008).

10  B.    Analysis

11        The parties do not dispute that CSC refused to accept service of the original

12  summons and complaint on behalf of National Union on the basis that EBMUD did not

13  name "National Union Fire Insurance Company of Pittsburgh, PA" as the defendant in this

14  action.  Rather, the parties dispute whether service was nonetheless valid under California

15  law.  EBMUD, for its part, argues that service was valid because it substantially complied

16  with California's service statutes.  National Union counters by arguing that service was

17  invalid because it never received a copy of the original summons and complaint, nor was it

18  otherwise notified of this lawsuit until service of the amended summons and complaint on

19  January 15, 2009.  The court agrees with National Union.

20        The court finds that EBMUD did not properly effect service of the original summons

21  and complaint on National Union under California law to trigger the 30-day removal period.

22  It is undisputed that CSC refused to accept service of the original summons and complaint

23  on behalf of National Union and returned service to EBMUD's counsel unexecuted.

24  Furthermore, the uncontroverted evidence before the court indicates that National Union

25  did not actually receive a copy of the original summons and complaint.  See Decl. of Anne

26  Winnick; Decl. of James Grier.  EBMUD offered no evidence contradicting National Union's

27  contention that it did not obtain actual knowledge of this lawsuit until the amended

28  summons and complaint were served on January 15, 2009.  While minor errors in the name

    of a defendant, through misspelling or other error do not render the summons substantially

1    defective when the summons and complaint are actually received by the defendant and the

2    defendant is not misled by the error, see Billings v. Edwards, 91 Cal.App.3d 826, 830-31

3    (1979), the consequences of the error are very different when, as here, incorrect spelling

4    prevents discovery of the filing.  This is because the purpose of service is to give notice of

5    the pending litigation to defendant such that counsel can be retained and defendant's

6    interests protected.

7         EBMUD has neither presented compelling argument nor citation to controlling

8    authority demonstrating that it substantially complied with § 416.10.  EBMUD, for instance,

9    did not cite to any case finding substantial compliance with § 416.10 where, as here,

10   service was returned unexecuted by a corporation's authorized agent for service of process

11   and the corporation did not have actual notice of the lawsuit through receipt of a copy of the

12   summons and complaint.  To the extent that EBMUD relies upon Billings, 91 Cal.App.3d

13   826 and Cory v. Crocker National Bank, 123 Cal.App.3d 665 (1981) in support of its

14   argument that it substantially complied with § 416.10, because the omission of "of

15   Pittsburgh, PA" from defendant's name constitutes a minor error that is "ineffective to

16   undermine otherwise valid service on National Union," the court finds such reliance

17   misplaced.  These cases are factually distinguishable and therefore inapposite.  Neither

18   case involved the circumstances presented here; namely, a lack of actual notice of the

19   pending litigation due to the refusal of the corporation's authorized agent to accept service.

20   In short, because EBMUD has failed to demonstrate substantial compliance with § 416.10,

21   the court concludes that EBMUD failed to sustain its burden to show that service was

22   properly effectuated under California law.

23        To the extent that EBMUD asks this court to find substantial compliance on the basis

24   that CSC had no "valid excuse" to reject service of the original summons and complaint, the

25   court find this argument unpersuasive.  First, the court is not persuaded by EBMUD's

26   assertion that CSC should have known that EBMUD sought to sue National Union Fire

27   Insurance Company of Pittsburgh, PA, rather than two other entities that share a similar

28   name to National Union Fire Insurance Company of Pittsburgh, PA-National Union Fire

     Insurance Company of Louisiana and National Union Fire Insurance Company of Vermont-

1   because National Union Fire Insurance Company of Pittsburgh, PA is "presumably the only

2   company among the three that [has] a registered agent of process in California."  Even

3   assuming that this is true, EBMUD did not cite to any authority supporting the proposition

4   that a corporation's authorized agent for service of process is required to accept service on

5   behalf of an entity it does not represent.  Indeed, it is undisputed that "National Union Fire

6   Insurance Company" is a nonexistent corporate entity.

7          Second, the court is not persuaded by EBMUD's assertion that CSC could have

8   easily verified the identity of the named defendant by reading the letters attached to the

9   complaint, identifying the named defendant as National Union Fire Insurance Company of

10  Pittsburgh, PA.  EBMUD did not cite to any authority supporting the proposition that a

11  corporation's authorized agent for service of process is required to read letters attached to

12  a complaint to ascertain the "real" identity of the named defendant when the name of the

13  defendant plaintiff seeks to sue is plainly stated on the face of the summons and complaint.

14  To the extent that EBMUD urges the court to adopt such a duty, the court declines to do so.

15         Finally, the court notes that while EBMUD maintains that CSC had no valid excuse

16  to reject service, it is clear to the court that EBMUD could have averted this entire issue by

17  exercising a modicum of diligence by checking with the Secretary of State to verify National

18  Union's exact name before filing the instant action.[3]  Indeed, as the master of its complaint,

19  it is EBMUD that has no valid excuse for naming the wrong defendant.  This is particularly

20  so given that EBMUD was readily aware of National Union's correct name, as evidenced by

21  the letters attached to the complaint.  EBMUD's attempt to gain a tactical advantage out of

22  its own lack of due diligence and care is not well-taken.

23

24   _____

25         [3] A search of the California Secretary of State's website using the term "National Union
     Fire Insurance Company" produced one result: "National Union Fire Insurance Company of

26   Pittsburgh, PA."  In opposition to EBMUD's motion, National Union has submitted a document
     in the form of an exhibit, attached to the declaration of Kevin McCurdy, identifying information

27   available from the Secretary of State regarding National Union.  Although National Union did
     not ask the court to take judicial notice of this information, the court will nonetheless do so

28   given that this information is from an official government website and its contents are not
     reasonably in dispute.  Fed.R.Evid. 201(b)(2); see also Denius v. Dunlap, 330 F.3d 919,
     926-27 (7th Cir. 2003) (taking judicial notice of information on official government website); Cali
     v. E. Coast Aviation Servs., Ltd., 178 F.Supp.2d 276, 287 n. 6 (E.D.N.Y. 2001) (taking judicial
     notice of documents from Pennsylvania state agencies and Federal Aviation Administration).

1    In sum, because EBMUD has not met its burden of showing that service of the

2   original summons and complaint was properly effected under California law, the court

3   concludes that National Union's removal notice was timely filed.  The 30-day removal

4   period did not commence until National Union's authorized agent for service of process was

5   properly served with a copy of the amended summons and complaint on January 15, 2009.

6   National Union timely filed its removal notice 27 days later on February 11, 2009.

7   Accordingly, EBMUD's motion to remand is DENIED.[4]

8                                    **CONCLUSION**

9    For the reasons stated above, the court hereby DENIES EBMUD's motion to

10  remand.

11  **IT IS SO ORDERED.**

12  Dated: April 10, 2009

13

14                                                    _____

15                                                    PHYLLIS J. HAMILTON
                                                      United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28  _____

    [4]  Because the court finds that National Union's removal notice was timely filed, the court need not consider National Union's alternative argument in opposition to EBMUD's motion to remand.

8